UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX RIVERA-SANTIAGO,<br><br>                          Plaintiff,<br><br>      -against-<br><br>C.O. JOHN HART; C.O. DANIEL LAMOUNTAIN; C.O. SHELBY MURRAY; C.O. JONATHAN MESSENGER, and SGT. CHAD HARVEY,<br><br>                          Defendants. | **FIRST AMENDED COMPLAINT**<br><br>Case No.: 9:25-cv-00677 |

Plaintiff Alex Rivera-Santiago ("Plaintiff"), by his undersigned counsel at Rickner Moskovitz LLP, complaining of the Defendants, alleges, upon information, belief, and personal knowledge:

### NATURE OF THE CASE

1. This is a civil rights action brought against agents and employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), who violated Plaintiff's rights under the Constitution of the United States by utilizing excessive force under the guise of enforcing institutional rules, and in retaliation for Plaintiff's complaints of institutional abuse and misconduct within the DOCCS system.

### JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First and Eighth Amendments to the Constitution of the United States.

3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

1

4. Venue is properly laid in the Federal District Court for the Northern District of New York, because the Plaintiff's claims arose in the County of Franklin, New York, within the jurisdictional boundaries of the Northern District.

## PARTIES

5. Plaintiff was, at all times relevant to this action, ad incarcerated person in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") in Franklin County, New York. Plaintiff is no longer incarcerated, and remains a resident of the State of New York.

6. Defendant John Hart ("Hart") was at all relevant times described herein a DOCCS corrections officer, employe by the State of New York. He is sued in his individual capacity for acts and omissions committed under color of New York State law.

7. Defendant Daniel Lamountain ("Lamountain") was at all relevant times described herein a DOCCS corrections officer, employed by the State of New York. He is sued in his individual capacity for acts and omissions committed under color of New York State law.

8. Defendant Shelby Murray ("Murray") was at all relevant times described herein a DOCCS corrections officer, employed by the State of New York. He is sued in his individual capacity for acts and omissions committed under color of New York State law.

9. Defendant Jonathan Messenger ("Messenger") was at all relevant times described herein a DOCCS corrections officer, employed by the State of New York. He is sued in his individual capacity for acts and omissions committed under color of New York State law.

10. Defendant Chad Harvey ("Harvey") was at all relevant times described herein a DOCCS sergeant, employed by the State of New York. He is sued in his individual capacity for acts and omissions committed under color of New York State law.

11. Hart, Lamountain, Murray, Messenger, and Harvey are referred to collectively as "Defendants."

12. At all relevant times, Defendants were engaged in a joint venture, assisting each other in performing the unconstitutional acts described herein, lending support and the authority of their status as state law enforcement officers to one another for purposes of violating Plaintiff's rights.

### THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

13. On May 25, 2022, at approximately 8:30 a.m., Plaintiff was inside of the K-1 dorm of Franklin Correctional Facility when Defendants acted in concert to employ excessive and unnecessary force on Plaintiff.

14. Less than three weeks before the incident on May 7, Plaintiff sent a message to a loved one expressing concern that the guards in his facility were acting strangely around him, and he feared that he may be in danger.

15. At the time, Plaintiff was pursuing litigation against DOCCS for misconduct he experienced at Riverview Correctional Facility in 2021. He was in regular communication with family and his attorneys in the months following the Riverview incidents, and was receiving legal mail concerning the prior incidents. Plaintiff was also filing written grievances from his housing unit at Franklin, where he was transferred after Riverview.

16. Upon information and belief, Plaintiff's complaints about the institutional abuse within DOCCS were discovered by one or more of the Defendants, who sought to employ retaliatory and excessive force on Claimant as rough-justice punishment for seeking legal redress for violations of his rights.

17. The morning of the use of force, Defendant Murray put the entire dorm on the count and started questioning the population about a note purportedly left on her desk. The incarcerated men were pulled aside one by one, and eventually, Defendant Murray targeted Plaintiff, summarily accusing him of some sort of undefined "disruption" or "commotion."

18. Defendants Hart, Lamountain, Messenger, and Harvey came to the area and ordered Plaintiff into the foyer area out of the direct view of the incarcerated population.

19. Instead of escorting Plaintiff out of the dorm or proceeding with a pat down per DOCCS policy, Defendants Hart, Lamountain, Messenger, and Harvey began kicking and hitting Plaintiff in the small foyer area, acting in concert to violate Plaintiff's civil rights and, upon information and belief, try and silence his complaints of institutional abuse.

20. While defenseless and compliant, Hart continued the unnecessary force by spraying Plaintiff directly in the face with chemical agents at least twice, at an unreasonably close distance in the small foyer area, further exacerbating Plaintiff's physical and emotional injuries.

21. The use of mace was unnecessary and excessive, as Claimant was not resisting or ignoring commands, and was not a threat to himself or others.

22. During the incident, one or more of the Defendants involved in the force made comments about the 2021 Riverview incidents and Plaintiff's complaints against officers,

4

evidencing the retaliatory nature of the force, and suggesting that one or more of the Defendants were unlawfully accessing Plaintiff's legal mail and/or calls, or were interfering with Plaintiff's written grievances.

23. Defendants subsequently agreed among themselves to fabricate a false charge of assault against Plaintiff, which was pursued in an attempt to cover up their wrongdoing.

24. When Plaintiff was seen by medical, his provider noted that Plaintiff's visible injuries—specifically, abrasions to his knees and redness to his face and neck—were inconsistent with the use of force reports by Defendants, which falsely stated that the only force used on Plaintiff was two, one second bursts of chemical agents.

25. Plaintiff also made an official complaint about the incident, reporting the excessive force through the grievance system.

26. As a result of this wrongful conduct, Plaintiff sustained substantial physical pain and suffering, psychological and emotional injuries, fear, embarrassment, loss of enjoyment of life, and a violation of his rights secured under the Constitution of the United States.

## FIRST CLAIM FOR RELIEF:
## FIRST AMENDMENT RETALIATION 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

27. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

28. Defendants violated Plaintiff's rights secured by the First Amendment of the United States when they inflicted retaliatory force on Plaintiff for the exercise of his rights and attempts to gain redress for harms caused to him by State employees.

29. By virtue of the aforementioned acts and omissions, Plaintiff was deprived of his civil rights guaranteed under the First Amendment to the United States Constitution, and Defendants are liable for compensatory and punitive damages under 42 U.S.C. § 1983.

**SECOND CLAIM FOR RELIEF:**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

30. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

31. Defendants used excessive physical force against Plaintiff, in violation of the Eighth Amendment, as the force was not necessary or proportional to the needs of the situation or to maintain security and order.

32. The force was not used in defense of the officers' safety, or the safety of Plaintiff or any other individual, and was therefore unconstitutional.

33. Each of the Defendants personally participated in the use of excessive force or failed to intervene in the same.

34. By virtue of the aforementioned acts and omissions, Plaintiff was deprived of his civil rights guaranteed under the Eighth Amendment to the United States Constitution, and Defendants are liable for compensatory and punitive damages under 42 U.S.C. § 1983.

**THIRD CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

36. One or more of the Defendants tacitly condoned and participated in the use of excessive force by failing to intervene to end the officers' unconstitutional conduct.

37. By virtue of the aforementioned acts and omissions, Plaintiff was deprived of his civil rights guaranteed under the Eighth Amendment to the United States Constitution, and Defendants are liable for compensatory and punitive damages under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorney's fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       February 27, 2026

By: _____
Stephanie Panousieris
Rickner Moskovitz LLP
14 Wall Street, Suite 4C
New York, New York 10005
(212) 300-6506
*Attorneys for Plaintiff*